COTTRILL, Respondent, vs. PINKERTON, Appellant.

*November 10—December 8, 1931.*

For the appellant there was a brief by *D. K. Allen* and *A. H. Gruenewald,* both of Oshkosh, and oral argument by *Mr. Allen.*

For the respondent there was a brief by *B. A. Husting* and *J. L. Kelley,* both of Fond du Lac, and oral argument by *Mr. Kelley.*

OWEN, J.    The plaintiff, Katherine Cottrill, resided at Oshkosh.   She was an employee of the Equitable Reserve Association at Neenah.   While riding from Oshkosh to Neenah on the morning of the 11th day of March, 1930, the automobile in which she was riding collided with an automobile driven by the defendant.  She brought this action against the defendant to recover the damages sustained by her in the collision.   The defendant pleaded in abatement that she had accepted compensation from her employer, by reason of which her cause of action against the defendant was assigned, and that at the time of the commencement of the action she had no right to maintain the same.   The plea in abatement was overruled by the court.   The appeal is from that order.

The order is not appealable.   It does not "in effect determine the action nor prevent a judgment from which an appeal might be taken."   Nor does it fall within any of the other classes of orders made appealable by the provisions of sec. 274.33, Stats.   Notwithstanding the order, a trial of the action may be had on the merits, and the order of the court overruling the plea in abatement may be reviewed upon an appeal from the final judgment.    Sec. 274.34, Stats.; *Schlecht v. Anderson,* 202 Wis. 305, 232 N. W. 566.   If the issue presented by the plea had been raised by demurrer, an order sustaining or overruling the demurrer would have been appealable under the express provisions of sec. 274.33.   Likewise, if the plea in abatement had been sustained it would have prevented a final judgment in the action, in which event the order would have been appealable under the express provisions of said section.

In this case the issue presented by the plea in abatement was tried by the court, resulting in the order overruling the plea. The case should have then proceeded to trial upon the merits, and the propriety of the order appealed from could have been raised upon an appeal from the final judgment. It follows that the court has no jurisdiction and the appeal should be dismissed.

*By the Court.*—Appeal dismissed.