GRIDLEY and others, Respondents, vs. CARDENAS, Executrix, Appellant.

VANCE, Administrator, Respondent, vs. SAME, Appellant.

*March 6—April 8, 1958.*

For the appellant there were briefs by *Kivett & Kasdorf*, attorneys, and *Alan M. Clack* of counsel, all of Milwaukee, and oral argument by *Mr. Clack*.

For the respondents there was a brief by *Federer, Grote, Hesslink, Rohde & Neuses*, attorneys, and *Theodore A. Grote* of counsel, all of Sheboygan, and oral argument by *Theodore A. Grote*.

WINGERT, J. The sole question in each case is whether the complaint states a cause of action. The accident having occurred in Florida, the rights of the parties are governed by the law of that state. *Scholle v. Home Mut. Casualty Co.* 273 Wis. 387, 389, 78 N. W. (2d) 902.

The complaints allege only a want of ordinary care on the part of the pilot, Cardenas, as contrasted with gross negligence or wilful and wanton misconduct. Defendant contends, therefore, that the asserted cause of action is barred by Florida's guest statute, sec. 320.59, Fla. Stats. 1953, the presently pertinent provisions of which are as follows:

"No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages

against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle, . . ."

On the other hand plaintiffs contend, and the circuit court held in overruling the demurrer, that the quoted statute does not apply to an airplane accident because airplanes are not "motor vehicles" as that term is used in the statute.

Thus the sole question for decision here is whether an airplane is a "motor vehicle" within the meaning of the Florida guest statute. We agree with the learned circuit judge that it is not.

No decision of the supreme court of Florida has been cited to us which construes sec. 320.59, Fla. Stats., with respect to its application to aircraft. Counsel on both sides point to expressions of the Florida court, and provisions of other Florida statutes, which are claimed to show that the court and the legislature have or have not considered an airplane to be a "motor vehicle."

Thus appellant points out that sec. 330.06 (1), Fla. Stats. 1953, defines "aircraft" to mean any "motor vehicle" used for navigation of or flight in the air, while sec. 330.07, Fla. Stats., states that the purpose of secs. 330.06 to 330.26 is to make registration procedures for airplanes similar to those for automobiles, "both of which are motor vehicles;" but respondents counter by observing that secs. 330.06 and 330.07 are part of a chapter relating only to registration and licensing of aircraft, while sec. 320.59 is found in a different chapter, ch. 320, Fla. Stats., which governs licensing and registration of motor vehicles and in its first section (sec. 320.01), defines "motor vehicle," where the context permits, as including "automobiles, motorcycles, motor trucks, and all other vehicles operated over the public highways and streets," which latter definition, clearly limited to land vehicles, is the one in the light of which sec. 320.59 must be

read. Appellants in turn meet that argument by showing that sec. 320.59 was first enacted separately from ch. 320, Fla. Stats., and was not placed in ch. 320 until 1940; and by reference to *Fishback v. Yale* (Fla. Cases 1955, 1956), 85 So. (2d) 142, in which the Florida court held that notwithstanding the limitation in the definition to vehicles operated over public highways, the guest statute applies to an automobile accident which occurred on a private highway, thus showing that the guest statute extends beyond the precise definition of motor vehicles in sec. 320.01.

Appellant also cites various cases, not involving aircraft, in which the Florida court has referred to sec. 320.59, Fla. Stats., as the "automobile guest statute," having as its purpose the relief of automobile owners and operators, but respondents would give no weight to such characterization, since the application of the statute to aircraft was not involved and probably not in the mind of the writer of the opinion.

Appellants contend that the guest statute was motivated by a concern for the propriety and fairness of permitting a free rider to recover damages from the good Samaritan who gave him a ride, in the absence of more than ordinary negligence on the latter's part, *Koger v. Hollahan*, 144 Fla. 779, 198 So. 685, and that the same concept of fairness is equally applicable to host and guest in aircraft. On the other hand, respondent urges that since the statute is in derogation of the common law, it should be narrowly construed. *Summersett v. Linkroum* (Fla. Cases 1949, 1950), 44 So. (2d) 662.

Both parties cite Florida decisions holding in other contexts that in general aviators are subject to the rules of law applicable to torts on land—the ordinary rules of negligence and due care (*Peavey v. Miami*, 146 Fla. 629, 1 So. (2d) 614, 618, *Kasanof v. Embry-Riddle Co.* 157 Fla. 677, 26 So. (2d) 889), but they differ as to whether sec. 320.59, Fla. Stats., is a part of that law of torts.

We have carefully considered the foregoing and other considerations and expressions relied upon as indicators of what the Florida court would hold if confronted with the question now before us, but they seem to us so evenly balanced that collectively they are of little help. In the circumstances we think it better to put them all aside and apply a rule of construction which prevails in Wisconsin and which we may assume is also the law of Florida, viz., that normally, absent a manifest intent to the contrary, the words and phrases of a statute "shall be construed according to common and approved usage." (Sec. 990.01 (1), Wis. Stats.) The Florida guest statute was enacted and made applicable to "motor vehicles" in 1937. We do not believe that in that year it was common and approved usage in Florida any more than here, to refer to an airplane as a motor vehicle, and we think that the term was commonly used to describe vehicles propelled by motor power on land, of the nature of the automobile, motor truck, and motorcycle. In the absence of anything definitely persuasive to the contrary, we shall therefore hold for purposes of the present demurrers, that sec. 320.59, Fla. Stats., does not apply to aircraft. See *McBoyle v. United States,* 283 U. S. 25, 26, 51 Sup. Ct. 340, 75 L. Ed. 816.

Because the proper construction of the Florida statute is by no means clear, we construe it on these demurrers without prejudice to the right of the defendant to show, at any appropriate time prior to final judgment on the merits, that the supreme court of Florida has authoritatively given the statute a contrary construction subsequent to the argument in this court, and such showing will not be barred by the doctrine of the law of the case.

*By the Court.*—Orders affirmed.

CURRIE, J., took no part.