RICE, Plaintiff, v. GRUETZMACHER and others, Defendants and Respondents: MARYLAND CASUALTY COMPANY, Defendant and Appellant.

*February 1—March 5, 1965.*

48

For the appellant there was a brief by *Moore & Moore* of Milwaukee, and oral argument by *Raymond J. Moore*.

For the respondents there was a brief by *Arnold, Murray & O'Neill* of Milwaukee, and oral argument by *Suel O. Arnold*.

GORDON, J.   The problem before us is whether a forklift is a motor vehicle under the quoted direct-action statutes. If it is, its insurer can be named as a party defendant in this lawsuit. The trial court concluded that there were questions of fact surrounding such determination and, therefore, denied the insurer's request for summary judgment. The Wisconsin statutes contain various definitions of "motor vehicle" and "vehicle:"

"340.01 (35) 'Motor vehicle' means a vehicle which is self-propelled, including a trackless trolley bus."

"340.01 (74) 'Vehicle' means every device in, upon or by which any person or property is or may be transported or drawn *upon a highway,* except railroad trains." (Emphasis added.)

"344.01 (2) (b) 'Motor vehicle' means a self-propelled vehicle and also includes trailers and semitrailers designed for use with such vehicles, except that 'motor vehicle' does not include farm tractors, well drillers or road machinery."

While both of the direct-action statutes refer to motor vehicles, neither contains an express reference to the use being upon a highway. However, there are several decisions of this court which suggest that the words "motor vehicle" refer to a vehicle which is operated on a public highway.

In *Snorek v. Boyle* (1962), 18 Wis. (2d) 202, 118 N. W. (2d) 132, the issue was whether a farm tractor which was being operated on the highway constituted a motor vehicle under the direct-action statutes. The court in that case answered the question in the affirmative, stating, at page 208:

"We are confident that the legislature, in enacting this statute [sec. 204.30 (4)], was not concerned with the type of policy issued. Instead, it intended to provide direct liability if coverage was extended to a self-propelled vehicle *operated upon the public highways*." (Emphasis added.)

The final paragraph of the opinion stated, at page 211:

"In view of the foregoing, we conclude that a farm tractor while being *operated on the public highway* is a 'motor vehicle' within the meaning of secs. 204.30 (4) and 260.11 (1), Stats."

It should be noted that in the *Snorek Case* the court rejected the definition of motor vehicle that is contained in sec. 344.01 (2) (b), Stats., which is a part of the financial responsibility section of the Wisconsin statutes; instead the court relied upon the broader definition contained in sec. 340.01 (35).

In *Smedley v. Milwaukee Automobile Ins. Co.* (1961), 12 Wis. (2d) 460, 107 N. W. (2d) 625, we held that a stationary truck upon which was mounted a hydraulic crane was not a motor vehicle within the meaning of the direct-action statutes. Said the court, at page 466:

"It is undoubtedly true if the unit were being *driven on a public street* for the purposes of locomotion, it would be considered a motor vehicle." (Emphasis added.)

The case of *Connell v. Luck* (1953), 264 Wis. 282, 58 N. W. (2d) 633, is somewhat analogous to the problem of the instant case. There a farmhand, while operating a trac-

tor in the field, was injured when he fell against one of the driving wheels of the tractor which was not protected by a fender. Sec. 85.61, Stats. 1953 (now sec. 347.46 (1)), states:

"No vehicle of the tractor type shall be operated unless the driving wheels are protected by suitable fenders."

The court pointed out that sec. 85.10 (1), Stats. 1953 (which is similar to sec. 340.01 (74)), uses the words "upon a public highway." The court concluded that sec. 85.61 was a *highway* safety measure and, therefore, was not designed to cover the operation of a farm tractor in a hayfield.

The majority of the court interpret the *Snorek* and other cases above cited as recognizing a class of self-propelled land vehicles which are designed primarily for uses dissimilar to transporting or drawing persons or property upon a highway, and holding that a vehicle within that class, such as this forklift, is not a "motor vehicle" under the direct-action statutes unless being operated upon a highway at the time of accident. See sec. 340.01 (35) and (74), Stats.

Three members of this court, including the writer of this opinion, believe that the direct-action statutes are not ambiguous with regard to whether the ordinary or actual use of the vehicle is on or off the highway. In the view of the minority, since the legislature did not see fit to limit direct action to motor vehicles designed for highway use or operated on a highway, it is inappropriate for this court to superimpose this limitation thereon.

One other issue remains to be considered. The respondents have urged that Maryland Casualty Company did not make a sufficient showing of excusable neglect to warrant the trial court's extending the time within which a motion for summary judgment could be brought. Their contention is that sec. 269.45 (2), Stats., which authorizes an extension

of time, permits it only when the failure to act was the result of "excusable neglect."

The record shows that the appellant's plea in bar was dated April 11, 1963. The trial court's decision to deny the plea in bar was made on January 13, 1964, and the supreme court's order dismissing the appeal was dated June 17, 1964. Maryland Casualty Company's notice of motion for summary judgment was dated June 30, 1964. Maryland Casualty Company's counsel averred that the request for an extension of time was to enable the motion for summary judgment to be served on all the parties. In his memorandum decision, the trial judge stated that the court granted the motion and extended the time until August 31, 1964.

In support of their position, the respondents cite *Shelby Mut. Ins. Co. v. Home Mut. Ins. Co.* (1964), 25 Wis. (2d) 25, 130 N. W. (2d) 296, to establish that if a motion for summary judgment is made after the forty-day period provided for in sec. 270.635 (1), Stats., it is necessary to show that the failure to move in time was the result of excusable neglect. We observe, however, that in the *Shelby Case* counsel specifically opposed the granting of the extension on this ground, whereas in the case at bar there is nothing in the record to indicate that there was objection to the granting of the extension of time on *any* grounds. In the absence of a record showing such objection, we find no occasion for contradicting the trial court's decision to grant the extension of time.

*By the Court.*—Order reversed, with instructions to enter judgment dismissing plaintiff's complaint against Maryland Casualty Company.