NEWBERGER, Plaintiff and Appellant, v. POKRASS and another, Executors, Defendants: LUMBERMENS MUTUAL CASUALTY COMPANY, Defendant and Respondent.

*March 31—April 27, 1965.*

For the appellant there was a brief by *Stern & Lee* of Milwaukee, and oral argument by *James F. Stern.*

For the respondent there was a brief by *Arnold, Murray & O'Neill* of Milwaukee, and oral argument by *Suel O. Arnold.*

GORDON, J.

### *Direct-Action Against Insurer.*

The principal question before us is whether an airplane is a motor vehicle within the meaning of sec. 260.11 (1), Stats.

In *Gridley v. Cardenas* (1958), 3 Wis. (2d) 623, 89 N. W. (2d) 286, there was an airplane accident in Florida, and, although the action was brought in Wisconsin, it was determined that Florida law controlled. An issue was presented as to whether an airplane was a motor vehicle under the Florida guest statute. This court concluded that the term "motor vehicle" did not include an aircraft, stating, at page 627 :

"The Florida guest statute was enacted and made applicable to 'motor vehicles' in 1937. We do not believe that in that year it was common and approved usage in Florida any more than here, to refer to an airplane as a motor vehicle, and we think that the term was commonly used to describe vehicles propelled by motor power on land, of the nature of the automobile, motor truck, and motorcycle. In the absence of anything definitely persuasive to the contrary, we shall therefore hold for purposes of the present demurrers, that sec. 320.59, Fla. Stats., does not apply to aircraft."

In *McBoyle v. United States* (1931), 283 U. S. 25, 26, 51 Sup. Ct. 340, 75 L. Ed. 816, the United States supreme court held that an airplane was not a motor vehicle within the meaning of the National Motor Vehicle Theft Act. For other cases holding that an airplane is not a motor vehicle see *Byrd v. Piedmont Aviation, Inc.* (1962), 256 N. C. 684, 124 S. E. (2d) 880; *Estate of Hayden* (1953), 174 Kan. 140, 254 Pac. (2d) 813; *Rich v. Finley* (1949), 325 Mass. 99, 89 N. E. (2d) 213.

The appellant urges that an aircraft is a motor vehicle which is operated on a "highway in the sky." There is a poetic charm to this contention, but we do not believe that it is consonant with the narrower meaning which this court has given to the term "motor vehicle" in *Rice v. Gruetzmacher,* ante, p. 46, 133 N. W. (2d) 401; *Snorek v. Boyle* (1962), 18 Wis. (2d) 202, 118 N. W. (2d) 132; *Smedley v. Milwaukee Automobile Ins. Co.* (1961), 12 Wis. (2d) 460, 107 N. W. (2d) 625; and *Gridley v. Cardenas* (1958), 3 Wis. (2d) 623, 89 N. W. (2d) 286.

In our recent decision in *Rice v. Gruetzmacher, supra,* we did not reach the question whether the insurer of a self-propelled land vehicle (*e.g.,* an automobile) which was primarily designed to transport people or goods upon a highway could be sued directly in the event such a vehicle had an accident off a highway. In *Rice,* we observed that a forklift was in "a class of self-propelled land vehicles which are designed primarily for uses *dissimilar* to transporting or drawing persons or property upon a highway" (emphasis added) ; such a vehicle, we held, is not a motor vehicle under the direct-action statutes unless operated upon a highway at the time of the accident. Since the *Rice Case* was concerned with a certain type of land vehicle, its ruling is not directly determinative of the case at bar.

However, in view of the restrictive nature of this court's decisions concerning sec. 260.11 (1), Stats., and also in

view of our ruling in *Gridley v. Cardenas, supra,* we now expressly hold that an airplane in flight is not a motor vehicle under sec. 260.11 (1). Therefore, the trial court was correct in dismissing the action against the insurer since direct-action against it is barred by the policy.

*Appealability of the Order.*

The circuit court's order dismissed the action against the insurer. Upon this appeal, the insurer, as respondent, has questioned the appealability of such order. The dismissal resulted from the court's sustaining a plea in abatement. In *Cottrill v. Pinkerton* (1931), 206 Wis. 218, 239 N. W. 442, it was held that an order *denying* a plea in abatement was not an appealable order; the court went on to say, at page 219:

". . . if the plea in abatement had been sustained it would have prevented a final judgment in the action, in which event the order would have been appealable under the express provisions of said section."

Also, in *Prochnow v. Northwestern Iron Co.* (1914), 156 Wis. 408, 409, 145 N. W. 1098, 145 N. W. 1104, it was stated that an order resulting from a plea in abatement which dismissed the action as to one of the defendants was appealable. The order in the instant case dismissed the action as to one of the defendants and, as such, is appealable.

*By the Court.*—Order affirmed, with costs to the respondent.

HALLOWS, J. (*concurring*). The majority opinion seemingly restricts the character of an airplane as not being a motor vehicle only while "in flight" and to imply it might be considered a motor vehicle under other circumstances. I do not think an airplane is a motor vehicle within the meaning of sec. 260.11 (1), Stats., whether it is in flight, taxiing on the

ground for a takeoff or for a landing, when making an emergency landing on a public highway, or otherwise. When used as an airplane, whether on the ground or in the air, it is not a motor vehicle; and I cannot imagine an airplane being either designed or used as a motor vehicle on land.