HAKES, Special Administratrix, Plaintiff and Appellant, v. PAUL and another, Defendants: ROYAL INDEMNITY COMPANY, Defendant and Respondent.

*February 3—February 28, 1967.*

For the appellant there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Arthur Kaftan.*

For the respondent there was a brief by *Everson, Whitney, O'Melia, Everson & Brehm* of Green Bay, and oral argument by *Philip R. Brehm.*

BEILFUSS, J. The issue present upon this appeal is whether the complaint alleges a cause of action for damages caused by the negligent operation, management or control of a motor vehicle within the meaning of sec. 260.11 (1), Stats., so as to permit the insurance carrier to be named as a party defendant in the action.

The direct-action statutes as they apply to the issue at hand are:

Sec. 204.30 (4) "Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

Sec. 260.11 (1) "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. A plaintiff may join as defendants persons against whom the right to relief is alleged to exist in the alternative, although recovery against one may be inconsistent with recovery against the other; and in all such actions the recovery of costs by any of the par-

ties to the action shall be in the discretion of the court. In any action for damages caused by the negligent operation, management or control of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. . . ."

The issue as set forth above can be divided into two questions, namely: (1) Was the chopper wagon a motor vehicle under sec. 260.11 (1), Stats., and (2) did the acts of parking and leaving the chopper wagon in the highway amount to negligent operation of the tractor upon a public highway?

A farm tractor being operated on a public highway is a motor vehicle for the purpose of the direct-action statutes. See *Snorek v. Boyle* (1962), 18 Wis. (2d) 202, 118 N. W. (2d) 132. Likewise, if the chopper wagon was attached to the tractor and was being operated as a unit it would be considered a motor vehicle. However, the complaint does not allege that the chopper wagon was attached to the tractor at the time of the accident, and the appellant on oral argument conceded that it was not. The wagon itself had no independent means of propulsion. Under these circumstances, the wagon alone cannot be considered a "motor vehicle" for purposes of the direct-action statutes.

This court indicated in *Snorek v. Boyle, supra,* that a "motor vehicle" under secs. 240.30 (4) and 260.11 (1), Stats., is one which is self-propelled. In noting that the

legislature was not concerned with the type of policy issued, the court said, at page 208:

"Instead, it intended to provide direct liability if coverage was extended *to a self-propelled vehicle* operated upon the public highways." (Emphasis added.)

The court further discussed the definition of "motor vehicle" for purposes of the direct-action statutes at page 209:

"Sec. 340.01, Stats. 1957, provides: 'In chs. 340 to 349, the following words and phrases have the designated meanings unless a different meaning is expressly provided or the context clearly indicates a different meaning:' Sub. (35) of this section defines 'motor vehicle' as follows: ' *"Motor vehicle" means a vehicle which is self-propelled,* including a trackless trolley-bus.' This definition unquestionably includes a farm tractor. We deem it significant that this broad definition of a motor vehicle, and not the restricted definition of sec. 344.01 (2) (b), is applicable to ch. 346 pertaining to the rules of the road. We conclude that if a definition of a 'motor vehicle' is to be imported into secs. 204.30 (4) and 260.11, from the Vehicle Code, it should be that of sec. 340.01 (35), rather than that of sec. 344.01 (2) (b)." [1] (Emphasis added.)

The words "motor vehicle" in secs. 204.30 (4) and 260.11 (1), Stats., are to be accorded their ordinary and accepted meaning. *Snorek v. Boyle, supra,* at page 210; *Smedley v. Milwaukee Automobile Ins. Co.* (1961), 12 Wis. (2d) 460, 107 N. W. (2d) 625. The word "motor" accepted in its ordinary sense necessarily compels the conclusion that a vehicle without a motor, such as the chopper wagon in the present case, is not included within the meaning of "motor vehicle."

---

[1] Sec. 344.01 (2) (b), Stats., provides: " 'Motor vehicle' means a self-propelled vehicle and also includes trailers and semitrailers designed for use with such vehicles, except that 'motor vehicle' does not include farm tractors, well drillers, or road machinery."

Several cases cited by the parties are inapplicable and are mentioned here only to indicate a recognition that there are certain circumstances when even a self-propelled vehicle is not considered a "motor vehicle" for purposes of the direct-action statutes. Such circumstances exist when the vehicle is designed for a specialized purpose and is engaged in that purpose *off the highway* at the time of the accident. *Neumann v. Wisconsin Natural Gas Co.* (1965), 27 Wis. (2d) 410, 134 N. W. (2d) 474 (Hy-Hoe excavation unit); *Rice v. Gruetzmacher* (1965), 27 Wis. (2d) 46, 133 N. W. (2d) 401 (forklift); *Norton v. Huismann* (1962), 17 Wis. (2d) 296, 116 N. W. (2d) 169 (sewer-cleaning machine); *Smedley v. Milwaukee Automobile Ins. Co., supra* (crane).

Even though the chopper wagon is not a motor vehicle, the appellant still is entitled to direct action against the respondent insurer if the damages were caused by the negligent operation, management or control of the tractor, since a tractor on a highway is a motor vehicle under the holding of the *Snorek Case, supra.*

The complaint alleged the defendant Paul "negligently and carelessly operated said *tractor* and *chopper wagon* on said highway" in that he left the wagon standing on the highway without leaving an unobstructed fifteen feet for passage of other vehicles [2] and without any warning light or reflector.[3] Did such parking and leaving of the wagon by the tractor driven by Paul constitute negligent "operation" of the tractor under sec. 260.11 (1), Stats.?

The only case cited which discussed the meaning of "operation" for purposes of the direct-action statutes is *Wiedenhaupt v. Van Der Loop* (1958), 5 Wis. (2d) 311, 92 N. W. (2d) 815. In that case the plaintiff was in-

[2] See sec. 346.51 (1), Stats.
[3] See secs. 347.24 and 347.27, Stats.

jured when his leg broke through a defective platform of a semitrailer while he was loading hay. This court, noting that sec. 260.11 (1), Stats., is remedial and must be liberally construed, held that the injury was caused by the negligent operation, management and control of the truck and trailer for purposes of permitting a direct action against the insurance company. At page 317 it is stated:

"The complaint alleges the cause of action within the meaning of these terms. The two facts relied upon by the appellant, namely, the truck was parked and not in motion, and no one was at the wheel of the vehicle at the time of the accident, do not necessarily take the situation out of or make the cause of action one not covered by sec. 260.11, 30 W. S. A., p. 39. The words 'operation, management, or control of a motor vehicle' appearing in sec. 260.11, 30 W. S. A., p. 39, cannot be construed narrowly to mean a motor vehicle must be moving, no matter how slowly, in order for the section to apply. This section is remedial and must be liberally construed. The word 'operation' is not to be restricted to only a moving vehicle, and the word 'control' cannot be construed to apply only to a situation where a person is sitting behind the wheel of a motor vehicle."

The present case presents a stronger set of circumstances than did the *Wiedenhaupt Case* for holding that the damages were caused by the negligent operation of a motor vehicle. In *Wiedenhaupt*, the court partially relied on the fact that the driver placed the semitrailer in the position where the accident occurred by driving it to the farmyard, backing up to the barn, and parking. In our case, the driver of the tractor drove the wagon onto the highway and parked it. The wagon was totally dependent on the operation of the tractor for its location on the highway. The parking and leaving the wagon in the manner alleged was in itself negligent operation of the tractor.

All that should be necessary to permit a direct action against an insurance carrier is that the negligence causing the accident be reasonably related to the use of the tractor.

In *Schroeder v. Chapman* (1958), 4 Wis. (2d) 285, 90 N. W. (2d) 579, employees of a county failed to put up adequate warnings as they were working on the highway near a hill with a dump truck. Mrs. Schroeder came over the hill in her automobile, applied her brakes upon seeing the truck, and was struck from the rear by another vehicle coming over the hill. She subsequently brought an action under a statute imposing liability on a municipality for damage resulting from the negligent operation of its motor vehicle. The defendants there, like the defendant Royal Indemnity Company here, maintained that their negligence (inadequate warning) had no relation to the operation of the truck.[4] The court, however, rejected the argument on the grounds that "there is not only a reasonable, but a direct connection between the use of the truck and the insufficiency of the warning."

In the case at hand the tractor and chopper were one unit at the time the wagon was allegedly negligently parked upon the highway. The mobility and the position of the wagon on the highway were dependent upon the operation of the tractor. There was, therefore, a direct relationship between the use, operation, and management and control of the tractor, and the parking of the chopper wagon in the manner described in the complaint. Hence, the damages were reasonably related to the alleged negligent operation of the tractor and direct action against the insurer should be permitted.

*By the Court.*—Order reversed, and remanded for further proceedings.

---

[4] The direct-action statute was not at issue in *Schroeder v. Chapman, supra,* but the case is cited because of an analogous "negligent operation" problem.