Vern R. Lemon, and Karen Lemon, his wife,
Plaintiffs-Appellants,

v.

Federal Insurance Company, Dane County,
Ronald L. Zurbuchen and The Aetna Casualty &
Surety Company, Defendants-Respondents.†

Court of Appeals

*No. 81–1546. Submitted on briefs March 11, 1982.—
Decided April 23, 1982.*
(Also reported in 320 N.W.2d 33.)

† Petition to review granted.

352

For the plaintiffs-appellants the cause was submitted on the briefs of *Kenneth T. McCormick, Jr.* and *Peter E. Hans* and *Boardman, Suhr, Curry & Field*, of Madison, and *Bradford W. Wilcox* and *Vance, Wilcox & Short*, of Fort Atkinson.

For the defendants-respondents the cause was submitted on the brief of *John M. Moore* and *Bell, Metzner & Gierhart, S.C.* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J. Plaintiff Vern Lemon's car collided with a John Deere JD500-C "Backhoe Loader" operated by an employee of Dane County. The trial court granted the county's motion for partial summary judgment.[1] The trial court held that the "Backhoe Loader" was not a "motor vehicle" under sec. 345.05(2)(a),

---

[1] Partial summary judgment would not ordinarily be appealable as of right because it would not dispose of the entire matter in litigation. Sec. 808.03(1), Stats. This judgment dismissed the action because the county had deposited $25,000 with the clerk of circuit court, and that sum was paid to plaintiff under the terms of the judgment.

Stats. (1975),[2] and that the county's liability was therefore limited to $25,000, pursuant to sec. 895.43, Stats. (1975).[3] We reverse the judgment and remand for further proceedings consistent with this opinion.

A "Backhoe Loader" is a four-wheel, tractor-like vehicle with oversized rear wheels, a backhoe attachment on the rear, and a loader attachment on the front. It is rated at eighty horsepower, has eight forward and four reverse gears, and its maximum forward speed is eighteen m.p.h.

On May 14, 1975, a Dane County road maintenance crew was using the tractor to repair a culvert alongside

---

[2] Section 345.05(2), Stats. (1975), provided in part:

Any of the following may file a claim for damages against the state or municipality concerned and the governing body thereof may allow, compromise, settle and pay the same:

(a) A person suffering any damage proximately resulting from the negligent operation of a motor vehicle owned and operated by the state or a municipality, which damage was occasioned by the operation of such motor vehicle in the course of its business. . . .

This section was repealed and recreated as sec. 345.05(2), Stats. Sec. 772, ch. 221, Laws of 1979.

[3] Section 895.43, Stats. (1975), provided in part:

(2) The amount recoverable by any person for any damages, injuries or death in any action founded on tort against any volunteer fire department organized under ch. 213, political corporation, governmental subdivision or agency thereof and against their officers, officials, agents or employes for acts done in their official capacity or in the course of their agency or employment, whether proceeded against jointly or severally, shall not exceed $25,000. No punitive damages shall be allowed or recoverable in any such action.

. . . .

(4) . . . When rights or remedies are provided by any other statute against any political corporation, governmental subdivision or agency or any officer, official, agent or employe thereof for injury, damage or death, such statute shall apply and the limitations in sub. (2) shall be inapplicable.

This section was renumbered as sec. 893.80, Stats. Sec. 29, ch. 323, Laws of 1979.

Highway 73. The tractor had been parked facing in a generally southerly direction along the east side of the highway. In order to continue with the work, it was necessary that the bucket then attached to the backhoe be removed and another bucket attached. The other backhoe bucket was being carried in the front end loader bucket. To change backhoe buckets, the operator had to dump the backhoe bucket from the front end loader and rotate the tractor 180 degrees. While bringing the tractor into proper position to drop the backhoe bucket, the operator swung the tractor's front end out across the highway. The Backhoe Loader crossed the centerline of the highway into the southbound lane. Plaintiff's car collided with the front bucket, either as the Backhoe Loader was moving across the road or immediately after it had stopped. Plaintiff was injured in the collision.

Plaintiff commenced a negligence suit against Dane County and its insurer, requesting damages in excess of $25,000. The trial court granted defendants' motion for summary judgment as to Dane County's liability for damages in excess of $25,000. The issue on appeal is whether the tractor is a "motor vehicle" within the meaning of sec. 345.05 (2) (a), Stats. (1975). We hold that it is.

Section 345.01, Stats., provides: "Words and phrases defined in s. 340.01 are used in the same sense in this chapter unless a different definition is specifically provided." Chapter 345 does not provide a definition for the term "motor vehicle" different from that given in sec. 340.01. Thus, the definition in sec. 340.01 applies to the term "motor vehicle" found in sec. 345.05 (2) (a), Stats. (1975).

Section 340.01(35), Stats., defines "motor vehicle" as "a vehicle which is self-propelled, including a trackless trolley bus, except that a snowmobile shall only be considered a motor vehicle for purposes made specifically

applicable by statute." Section 340.01(74) defines "vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except railroad trains. . . ." The tractor in this case is a self-propelled device by which persons or property can be transported upon a highway and thus falls within the language of sec. 340.01(35).

Defendants argue that the tractor falls within the definition of "road machinery" found in sec. 340.01(52), Stats., and that it cannot be "road machinery" and a "motor vehicle" at the same time.

Section 340.01(52), Stats., provides:

"Road machinery" means a piece of mobile machinery or equipment not covered by s. 341.26(1)(d), such as ditch digging apparatus, power shovels, drag lines and earth-moving equipment, or a piece of road construction or maintenance machinery, such as asphalt spreaders, bituminous mixers, bucket loaders, ditchers, leveling graders, finishing machines, motor graders, paving mixers, road rollers, scarifiers, gravel crushers, screening plants, scrapers, tractors, earth movers, front- or rear-end loaders, conveyors, road pavers, or construction shacks. The foregoing enumeration is intended to be illustrative and does not exclude other similar vehicles which are within the general terms of this subsection, whether used for road construction and maintenance or not, which are not designed or used primarily for transportation of persons or property and only incidentally operated or moved upon a highway.

The Backhoe Loader falls within the definition of "road machinery."

It is unclear from the language of sec. 340.01, Stats., whether the definition of "motor vehicle" given in sub. (35) and the definition of "road machinery" given in sub. (52) are meant to be mutually exclusive, or whether "road machinery" is meant to be a subclass of "motor

vehicles." When a statute is capable of being understood in two or more different senses by reasonably well-informed persons, the statute is ambiguous. *State v. Derenne,* 102 Wis. 2d 38, 45, 306 N.W.2d 12, 15 (1981). We may review matters outside the statutory language in order to determine the meaning of an ambiguous statute. *State v. Kenyon,* 85 Wis. 2d 36, 49, 270 N.W.2d 160, 166 (1978).

The Legislative Council Committee Note to sec. 340.01 (35), Stats., states: "The term 'motor vehicle' is used when the purpose is to exclude animal drawn vehicles and vehicles propelled by human power." The term "motor vehicle" is thus a very broad one. The Legislative Council Committee Note to sec. 340.01(52) states: "This definition . . . is important in chs. 341 and 347 in that 'road machinery' is exempt from registration and from certain vehicle equipment requirements." There is no indication that a piece of "road machinery" is not to be considered a "motor vehicle." The specific exemption of road machinery from registration and equipment requirements shows a recognition by the legislature that those machines would otherwise be subject to the requirements imposed on motor vehicles. The tractor in this case is a "motor vehicle" even though it also fits the definition of "road machinery."

The Wisconsin Supreme Court has not construed the term "motor vehicle" as it was used in sec. 345.05 (2) (a), Stats. (1975). We look for guidance to its construction of the same term as it was used in the direct-action statutes, formerly secs. 204.30 (4) and 260.11 (1), Stats.[4]

---

[4] Section 204.30 (4), Stats. (1969), provided:

Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be in praesenti or contingent and to become

In *Smedley v. Milwaukee Automobile Ins. Co.*, 12 Wis. 2d 460, 107 N.W.2d 625 (1961), the plaintiff was injured when a hydraulic crane that was mounted on a truck chassis got a poor hold on a steel I-beam. The truck's engine was shut off and the truck was stabilized with outriggers when the plaintiff was injured. The crane had an independent power source. The supreme court

fixed or certain by final judgment against the insured, when caused by the negligent operation, management, control, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy.

This section was amended by ch. 26, Laws of 1971, to delete references to "motor vehicles" and substitute references to "negligence." It was revised and renumbered by ch. 375, Laws of 1975, as sec. 632.24, Stats.

Section 260.11, Stats. (1967), provided in part:

(1) Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. . . . In any action for damages caused by the negligent operation, management, control, maintenance, use or defective construction of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. . . .

This section was amended by ch. 198, Laws of 1969, to delete references to "motor vehicles" and substitute references to "negligence." Chapter 260, Stats., was repealed when the Wisconsin Supreme Court adopted the Wisconsin Rules of Civil Procedure, chs. 801 to 807, Stats. 67 Wis. 2d 757 (1975).

held that the unit was not a "motor vehicle" under the direct-action statutes, and that plaintiff had been injured by the operation of the crane, not the operation of the truck. The court stated: "The test under the statutes is whether at the time of the accident the unit is being used, managed, controlled, or operated as a motor vehicle in the ordinary meaning of those words." *Id.* at 467, 107 N.W.2d at 628.

In *Norton v. Huisman,* 17 Wis. 2d 296, 116 N.W.2d 169 (1962), the plaintiff was injured by a rod attached to a sewer-cleaning machine which was mounted on a truck chassis. At the time plaintiff was injured, the truck's engine was shut off and the emergency brake was on. The sewer-cleaning machine had an independent power source. The supreme court, citing *Smedley,* held that the plaintiff had been injured by the independent operation of the sewer-cleaning machine, not by a "motor vehicle" within the meaning of the direct-action statutes. *Id.* at 302, 116 N.W.2d at 172.

In *Neumann v. Wisconsin Natural Gas Co.,* 27 Wis. 2d 410, 134 N.W.2d 474 (1965), the plaintiff was injured when natural gas leaking from a gas main exploded. He alleged that the leak was caused by the defendant's negligent operation of a self-powered backhoe excavator which was mounted on a truck. The supreme court held that the plaintiff could not proceed directly against the gas company's insurer, stating, *"Smedley* and *Norton* both hold that where the negligence is in the operation of independent machines they are not 'motor vehicles' within the meaning of sec. 260.11(1), or sec. 204.30(4), Stats. . . . ." *Id.* at 416, 134 N.W.2d at 477.

*Smedley, Norton* and *Neumann* can be distinguished from the present case. In each of those cases, the plaintiff was injured by the operation of a machine with its own power source. The machine was attached to a truck that was stationary at the time of the injury. The trucks

were used only to transport the machines to the work sites; they were not being operated when the plaintiffs were injured. Here, plaintiff was injured when the Backhoe Loader moved across the roadway and into his path. The "independent machinery"—the backhoe and front end loader attachments—were not operating at the time of the accident. Plaintiff's injuries were the result of the operation of the tractor—the part of the unit used for transportation.

In *Snorek v. Boyle,* 18 Wis. 2d 202, 118 N.W.2d 132 (1962), the plaintiffs were injured when a car attempted to pass a farm tractor on the highway and ran into their car. The supreme court held that the tractor was a "motor vehicle" within sec. 204.30(4), Stats. (1957), as it was a "self-propelled vehicle operated upon the public highways." *Id.* at 208, 118 N.W.2d at 135.

In *Rice v. Gruetzmacher,* 27 Wis. 2d 46, 133 N.W.2d 401 (1965), the supreme court held that a forklift being operated indoors was not a "motor vehicle" under the direct-action statutes. The court distinguished *Snorek:*

> The majority of the court interpret *Snorek* and other cases above cited as recognizing a class of self-propelled land vehicles which are designed primarily for uses dissimilar to transporting or drawing persons or property upon a highway, and holding that a vehicle within that class, such as this forklift, is not a "motor vehicle" under the direct-action statutes unless being operated *upon a highway* at the time of the accident.

*Id.* at 51, 133 N.W.2d at 404 (emphasis supplied).

In *Hakes v. Paul,* 34 Wis. 2d 209, 148 N.W.2d 699 (1967), the supreme court held that a chopper wagon that had been left parked on the highway was not a "motor vehicle" under the direct-action statutes, since it was not self-propelled and was not being operated as a unit attached to a farm tractor at the time of the acci-

dent. The court stated that even a self-propelled vehicle would not be considered a "motor vehicle" under those statutes "when the vehicle is designed for a specialized purpose and is engaged in that purpose *off the highway* at the time of the accident." *Id.* at 215, 148 N.W.2d at 702 (emphasis in original).

In the present case, the John Deere "Backhoe Loader" was designed for excavation. That purpose is dissimilar to transporting or drawing persons or property upon a highway. *Rice,* 27 Wis. 2d at 51, 133 N.W.2d at 404. However, the Backhoe Loader is self-propelled, and it was operating on a highway at the time of the collision. It was at a job site, being prepared to perform road maintenance, but the preparation brought it away from the roadside and into the flow of traffic. Once on the highway, the operator was required to exercise the same care as if the tractor were a part of the traffic flow. We hold that the tractor was a "motor vehicle" within the meaning of sec. 345.05(2)(a), Stats. (1975), and that defendants' liability in this action is not governed by sec. 895.43, Stats. (1975).

*By the Court.*—Judgment reversed, and cause remanded for proceedings consistent with this opinion.