INDUSTRIAL CREDIT COMPANY, Respondent, v. INLAND G. M. DIESEL, INC., Appellant.

*No. 313. Argued May 5, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 157.)

522

524

For the appellant there was a brief by *Charlton, Yanisch, Greco & Roffa,* attorneys, and *Richard F. Yanisch* of counsel, all of Milwaukee, and oral argument by *Richard F. Yanisch.*

For the respondent there was a brief and oral argument by *John C. Shabaz* of West Allis.

HEFFERNAN, J. In *Gebhardt Bros., Inc. v. Brimmel* (1966), 31 Wis. 2d 581, 584, 143 N. W. 2d 479, we restated the elements necessary to establish a claim based on unjust enrichment. We said:

"These elements are: (1) A benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value."

In the instant case, the trial judge held that the second element had not been proved. He took the position that the evidence was insufficient to show that, at the time the work was being done, Industrial Credit had any knowledge or appreciation that Inland G. M. Diesel, Inc., was perfoming work for its benefit. The burden of proving such appreciation and knowledge is upon Inland, and the court's factual finding in this respect must be upheld unless it is contrary to the great weight and clear pre-

ponderance of the evidence. There is no evidence to show that Industrial Credit had any knowledge that Inland was in fact doing the repair work. This finding must be upheld. Industrial Credit's appreciation and knowledge of the work came at a later time.

The validity of the trial judge's legal conclusion rests upon the premise that the appreciation of the benefit must be contemporaneous with the performance of the services that confer the benefit. In *Dunnebacke Co. v. Pittman* (1934), 216 Wis. 305, 312, 257 N. W. 30, the court disallowed a claim for unjust enrichment, stating:

"Had the Gilligans been present during the time that the construction work was going on, and had they made no protest, we should have a different situation with which to deal."

The court in that case goes on to say that, even were there not contemporaneous knowledge, subsequent conduct evincing an attempt to accept the benefits *might* suffice to furnish a factual basis for recovery in quasi-contract.

It thus appears that the position taken by the trial judge is arguably meritorious, although no case has been brought to our attention which clearly holds that the knowledge and appreciation of the benefit conferred must be contemporaneous with the services that conferred the benefit. Nor need we reach a conclusion in this respect in the instant case, since our analysis of the facts and of the statutory law leads to the conclusion that a claim for unjust enrichment is inappropriately asserted.

The statute provides a clear remedy for a mechanic or keeper of a garage who considers himself in jeopardy as a result of the dubious financial standing of the owner of a vehicle when that vehicle is subject to a prior lien or security interest. For sums in excess of $1,000, the statute is explicit that a mechanic's lien "shall be subject to the lien of any security interest in said property which was perfected by filing as required by law prior to the

commencement of the work for which a lien is claimed unless such work was done with the express consent of the holder of such security interest."

We conclude that where, as here, there is an express statutory provision to protect the garageman, that statutory remedy excludes the assertion of a cause of action for unjust enrichment against a holder of a properly filed security interest. In *Gebhardt Bros., Inc. v. Brimmel, supra,* page 585, we quoted with approval from *Superior Plumbing Co. v. Tefs* (1965), 27 Wis. 2d 434, 134 N. W. 2d 430, and *Utschig v. McClone* (1962), 16 Wis. 2d 506, 509, 114 N. W. 2d 854:

> " 'By the subcontractors' lien statutes, sec. 289.02, Stats., and following, the law has offered security and protection to a subcontractor. His failure to avail himself of the remedy so provided does not produce for him a right to recover payment directly from an owner who did not employ him and with whom he had no contract.' "

We are satisfied that the policy of the law implicit in these cases controls herein, *i.e.,* where the statutory law clearly provides a procedure which if followed will insure a claimant full protection, he ought not to be able to resort to common law or equitable remedies as against innocent parties who have complied with the law to protect their interests. The rights of Inland would have been fully protected by the timely invocation of the statutory procedures. Nor in this case do we see any equities that Inland should be able to assert as against Industrial Credit. Industrial Credit made no request to repair the truck, and the trial judge's findings of fact that no conduct on its part could be construed as a knowing acquiescence in the repair of the truck is not contrary to the evidence. Inland had full knowledge of Horton's credit situation, and if it wished to repair the vehicle it had every opportunity to attempt to secure the express consent of Industrial Credit and thus either obtain a full lien for the value of its repairs or elect not to do the

work. At the time Horton filed bankruptcy he owed Industrial Credit over $21,000 and the property securing the obligation was insufficient to pay Horton's obligation to Industrial Credit. It is apparent that both Industrial Credit and Inland stand to lose substantially as a result of Horton's bankruptcy. There appears to be no reason why Inland should be protected against this loss when it failed to pursue its clear statutory rights.

*By the Court.*—Judgment affirmed.