SMITH REALTY CO., INC., Plaintiff-Appellant, v. ZIMMERMAN and wife, Defendants-Respondents.

*No. 75–153. Submitted on briefs December 2, 1976.— Decided January 6, 1977.*
(Also reported in 248 N. W. 2d 472.)

For the appellant the cause was submitted on the briefs of *William F. Scholl* of Wauwatosa.

For the respondents the cause was submitted on the brief of *John H. Stauber* and *Stauber, Dehn, Wynia & Kissinger*, Lawyers, Chartered of Marshfield.

HANLEY, J. The sole issue on this appeal is whether the trial court judge abused his discretion by denying the plaintiff's motion for summary judgment.

■ The approach which this court takes when considering an appeal from the grant or denial of a motion for summary judgment has been well established. The appropriate statements of the court relating to this matter were well collected in *Herbst v. Hansen,* 46 Wis.2d 697, 701–02, 176 N.W.2d 380, 383 (1970) :

" '[A]n order denying a motion for summary judgment will not be reversed until it appears that the trial court abused its legal discretion or has not exercised it;' . . . a trial court does not abuse its discretion in denying a motion for summary judgment 'unless it incorrectly decides a legal issue or it declines to decide a legal issue which is capable of resolution in a factual vacuum.' 'If the party opposing the motion for summary judgment submits sufficient facts which show there is a real controversy and takes the matter challenged by the motion out of the category of being a sham and unmeritorious suit or defense, that party is entitled to a trial on the merits.' It has also been said that, 'A trial court need not decide a question of law on a motion for summary judgment . . . even though no conflict of material fact exists. There is no absolute right to summary judgment.' " (footnotes omitted).

An examination of the pleadings, motion papers, and the trial judge's written decision convinces this court that the trial judge did not abuse his discretion by denying plaintiff's motion for summary judgment.

Smith Realty contends it is entitled to the commission if the property is sold "to any person to whose attention the property was brought through Smith Realty Co., Inc." This condition was performed, plaintiff contends, by its agent, Harry Kridler. Kridler in his affidavit, filed in support of plaintiff's motion for summary judgment, states he "introduced" the property to the buyer,

Antross. He further states he sent to Antross a photograph and data sheet concerning the property. The trial judge obviously did not believe that these facts conclusively established the performance of this condition under the contract, and thus, he concluded, a factual question remained. In his written decision, the trial judge states that in their affidavit the Zimmermans claim that Milmark Realty introduced and showed the property to Antross. Thus, a factual issue remains as to whether Smith Realty's actions constituted performance under the contract in light of the actions of Milmark Realty.

The circumstances surrounding the execution of this agreement and the other issues raised here also indicate the trial judge wisely exercised his discretion in finding the Zimmermans were entitled to a trial. When the agreement was executed, the Zimmermans specifically expressed their concern that this listing agreement be non-exclusive. Their affidavit states they were assured by the agent for Smith Realty that the agreement was to protect the broker on its commission if the broker or its agents sold the property, and that they only entered the agreement after receiving this assurance.

The evidence of the circumstances surrounding the execution of this agreement may be admissible to show misrepresentation on the part of the agent. The Zimmermans' answer does not clearly allege misrepresentation or fraud, although it does claim the contract is misleading and deceptive. Nevertheless, even at this point, the pleadings could be amended under sec. 269.44, Stats., to allege such misrepresentation.

The Zimmermans also argue that the commission agreement is void and unenforceable because it is not upon a form approved by the Real Estate Examining Board. This contention may also be considered in conjunction with the defense asserted in the Zimmermans' answer that the terms of the agreement are unconscionable. This

is not a contention which may, as the plaintiff suggests, be rejected out of hand.

The contract in this case was drafted by the plaintiff broker and has a unique effect as a non-exclusive listing agreement. Under the terms of this contract, if strictly enforced, Smith Realty is entitled to a commission if it merely brings the property to the attention of a person who later becomes the purchaser. Thus, this contract can effectively become an exclusive one if Smith Realty only notifies those buyers in the market. Once it has brought this attention to the property it need not follow through in negotiations or other activities. The effect of this type of contract is particularly evident in this case where Smith merely notified the buyer, Antross, of the property and sent him some materials concerning it. The Zimmermans allege that no further efforts whatsoever were made by the plaintiff. For this little effort under this purportedly non-exclusive listing agreement Smith Realty claims it has earned a $21,600 commission. The effect of this contract is not unlike that of an exclusive listing.

Under ch. 452, Stats., Smith Realty is required to be licensed by the Real Estate Examining Board. Upon this board the legislature has conferred the power of rule making by sec. 227.014(2)(a), Stats., authorizing the board to adopt rules as it considers necessary to effectuate the purpose of the statutes. The legislature has also authorized the board to prescribe forms and procedures as it considers necessary to effectuate the purpose of the statutes. Sec. 227.014(2)(b), Stats. Sec. REB 7.01(2)(a), Wis. Adm. Code, states:

"(2) Forms. A licensee or registrant of this board may prepare and use only forms which have been approved by this board and only under the following conditions:

"(a) Licensee or registrant shall use such approved forms only in those transactions in which he is acting as a broker or agent, or in which he is a principal, and in

either case the use of such approved form is incidental to his trade or business.

"..."

Sec. REB 7.01(4), Wis. Adm. Code provides that a violation of sec. REB 7.01 may be deemed a violation of sec. 452.10(2)(i), Stats., which constitutes grounds for the revocation or suspension of the broker's real estate license under sec. 452.10, Stats.

Reference to the above statutes is intended only to indicate that the issue of whether the contract is void as in violation of the regulations is not wholly untenable. Several further determinations are of course necessary before this issue could be resolved. A question exists as to whether sec. REB 7.01(2), Wis. Adm. Code, actually forbids the use of any form of listing contracts other than approved forms. In addition, the defendants have claimed the contract is unconscionable. This contention raises the question of whether the contract is contrary to public policy. *See Griffith v. Harris,* 17 Wis.2d 255, 116 N.W.2d 133 (1962).

These latter determinations are predominantly legal, and not factual, but because they are legal does not entitle the plaintiff to summary judgment. The trial court could have believed that the proper determination of the many legal issues involved requires a full factual development.

We conclude that in this case a fact question exists as to whether the plaintiff broker's activities constituted the performance of its obligation under the contract so as to entitle it to the commission. The defendants' affidavit raises the potential issue of misrepresentation, and the questions concerning the validity of this commission agreement because it is not upon an approved form cannot be resolved in a factual vacuum. The defendants have taken the matters challenged by the plaintiff's motion out of the category of being a sham and unmeri-

torious defense and have shown a real controversy exists. They are entitled to a trial on the merits, and the trial judge did not abuse his discretion by denying plaintiff's motion for summary judgment.

*By the Court.*—Order affirmed.