S & M ROTOGRAVURE SERVICE, Plaintiff-Appellant, v. BAER, and another, Defendants: ARTHUR W. BAER, INC., Defendant-Respondent & Third-Party Plaintiff: D & R INVESTMENT Co., Third-Party Defendant-Appellant.

*No. 75–315. Submitted on briefs March 30, 1977.—*
*Decided May 3, 1977.*
(Also reported in 252 N. W. 2d 913.)

For the plaintiff-appellant the cause was submitted on the brief of *Niebler & Niebler* of Menomonee Falls.

For the defendant-respondent and third-party plaintiff the cause was submitted on the brief of *Sam N. Lawent* and *Seymour Pikofsky* of Milwaukee.

HANLEY, J. Two issues are presented on appeal:

1. Does the second amended third-party complaint state facts sufficient to constitute a cause of action for a money judgment based upon unjust enrichment against D & R?

2. Did the trial court abuse its discretion in denying S & M's motion for summary judgment upon Baer's counterclaim?

*Third-Party Complaint*

The trial court concluded that the second amended third-party complaint sufficiently states a cause of action in equity for unjust enrichment. The elements of such an action are:

"(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Gebhardt Bros. Inc. v. Brimmel,* 31 Wis.2d 581, 584, 143 N.W.2d 479 (1966).

The complaint in question alleges that at the special instance and request of D & R, Baer performed remodeling and construction work, valued at $50,741.43, upon real estate owned by D & R. It further alleges that D & R had knowledge of the contract for construction between Baer and S & M and approved all plans and payments for the work. Thus, the first two elements of an action for unjust enrichment are satisfied.

D & R's major challenge to the complaint relates to the sufficiency of the allegation of the third element of unjust enrichment—that the defendant, if not required to pay the plaintiff, will be unjustly enriched. D & R contends that "without statutory lien rights the contractor has no claim for unjust enrichment against the owner with whom he had no contract," and cites *Industrial Credit v. Inland G. M. Diesel, Inc.*, 51 Wis.2d 520, 187 N.W.2d 157 (1971).

In *Industrial Credit, supra,* the defendant Inland G. M. Diesel performed extensive repair work on a truck owned by Horton and subject to a security interest held by Horton's creditor, the plaintiff Industrial Credit. No contract existed between Industrial Credit and Inland, and Industrial Credit had not consented to the repairs. Horton filed for bankruptcy, and Industrial Credit commenced a replevin action against Inland to gain possession of the truck. Inland counterclaimed, asserting mechanic's lien rights and a cause of action for unjust enrichment. The circuit court found Inland had no lien rights above a limited amount, and also dismissed the claim for unjust enrichment. This court affirmed the trial court's decision stating:

"We conclude that where, as here, there is an express statutory provision to protect the garageman, that statutory remedy excludes the assertion of a cause of action for unjust enrichment against a holder of a properly

filed security interest. In *Gebhardt Bros., Inc. v. Brimmel* [31 Wis.2d 581, 143 N.W.2d 479 (1966)], page 585, we quoted with approval from *Superior Plumbing Co. v. Tefs* (1965), 27 Wis.2d 434, 134 N.W.2d 430, and *Utschig v. McClone*, (1962), 16 Wis.2d 506, 509, 114 N.W.2d 854:

" ' "By the subcontractors' lien statutes, sec. 289.02, Stats., and following, the law has offered security and protection to a subcontractor. His failure to avail himself of the remedy so provided does not produce for him a right to recover payment directly from an owner who did not employ him and with whom he had no contract." '

"We are satisfied that the policy of the law implicit in these cases controls herein, *i.e.*, where the statutory law clearly provides a procedure which if followed will insure a claimant full protection, he ought not to be able to resort to common law or equitable remedies as against innocent parties who have complied with the law to protect their interests." *Industrial Credit Co. v. Inland G. M. Diesel, supra* at 527.

As the above quotation from *Industrial Credit* shows, the court relied heavily upon three cases—*Utschig v. McClone, supra; Superior Plumbing Co. v. Tefs, supra; Gebhardt Bros., Inc. v. Brimmel, supra.* These cases involved actions for money judgments commenced by a subcontractor against a property owner, upon whose property the subcontractor had performed construction work pursuant to an agreement with the general contractor. In each case this court held the plaintiff subcontractor had no cause of action.

In *Utschig* the court did not specifically consider the subcontractor's claim as one based upon unjust enrichment, but rather focused more upon the issue of contractual privity between the subcontractor and owner. Finding the subcontractor had failed to allege facts establishing such privity, the court stated the failure of the subcontractor to avail himself of the adequate protections in the lien statutes, sec. 289.02, et seq., Stats., does not produce a right to recover from the owner. *Utschig, supra* at 509.

In *Superior Plumbing, supra,* the subcontractor asserted the theory of unjust enrichment. The court, holding that the owner's demurrer to the complaint should have been sustained, quoted extensively from *Utschig* and stated that the third element of a cause of action for unjust enrichment did not appear in the complaint. Because the complaint alleged Superior Plumbing was the subcontractor of a general contractor, the only inference to be drawn was that the owner had paid the general contractor for the benefit conferred by the subcontractor. Thus, it did not affirmatively appear that it would be inequitable for the owner to retain those benefits without payment to the subcontractor.

In *Gebhardt Bros., supra,* the court further clarified this ground for denying a subcontractor a cause of action for unjust enrichment against the property owner. The court stated:

"As we have previously said, we find no equity in favor of the plaintiff when the relationship of the plaintiff to the defendant is that of subcontractor to owner and when the evidence indicates that the owner has either paid the general contractor for the benefits furnished or is obligated to do so. . . .
"We conclude it would be inequitable to find the owner Brimmel liable on an implied contract to Gebhardt when, as here, there was an express contract between the contractor Semrow and the subcontractor Gebhardt. This case is directly governed by our decision in *Superior Plumbing Co. v. Tefs.* . . . We therein held that a subcontractor must resort for payment to the principal contractor and not to the owner of the property and that the owner is not liable on an implied contract simply because he has received goods or services or knows that the services have been rendered." *Gebhardt Bros., supra* at 585.

In *Seegers v. Sprague,* 70 Wis.2d 997, 236 N.W.2d 227 (1975), the court applied the above line of cases in an action where a subcontractor of a subcontractor sued the

general contractor-property owner upon the theory of unjust enrichment. The defendant Sprague, a general contractor, contracted with plumbing contractor Keller for the installation of plumbing and septic systems on property owned by Sprague. Keller contracted with the plaintiffs, the Seegers brothers, for the installation of the septic systems. The court held the Seegers had failed to prove a cause of action in unjust enrichment against Sprague, stating:

"On the basis of *Superior Plumbing, supra,* no unjust enrichment has occurred here. Payments by Sprague to Keller to cover his work and the work of his subcontractors have not left Sprague enriched. The absence of payment to Seegers is due to Keller's actions." *Seegers v. Sprague, supra* at 1005.

Under the law of the above cases we evaluate the merit of D & R's contention that Baer cannot sue for unjust enrichment because its lien rights under the statutes have been lost.

D & R's reliance upon the *Industrial Credit case, supra,* is misplaced, for that case is dissimilar to the cases in the *Superior Plumbing* line and distinguishable from the instant case because a mechanic's lien upon a vehicle subject to the defendant's security interest was involved. In effect, the court in that case resolved a question of priorities of creditors' rights in bankruptcy. To permit the mechanic to recover from the secured creditor upon the theory of unjust enrichment would have effectively destroyed the secured creditor's priority. In *Industrial Credit,* however, as in the subcontractor cases, there was also present the fact that the defendant had previously paid another for the benefits conferred —the secured creditor had lent the bankrupt money in exchange for its right to repossess the truck. We think *Industrial Credit* is distinguishable from the subcontractor cases, and the holding therein is clearly limited to the situation where "a cause of action for unjust enrichment

is asserted against a holder of a properly filed security interest." *Industrial Credit, supra* at 527.

Analysis of the rationale of the *Superior Plumbing* line of cases involving subcontractors reveals that the critical factor in each was that it appeared, upon the face of the the complaint or upon the evidence after trial, that the defendant had paid another for the benefits conferred, and thus it was not inequitable to permit the defendant to retain the benefits without paying the plaintiff. Hence, the third element of unjust enrichment, that the defendant would be unjustly enriched, was nonexistent.

*Superior Plumbing, Gebhardt* and *Seegers* do not stand for the proposition that the subcontractors' lien statutes are some sort of exclusive remedy for subcontractors. Statements in those cases regarding the statutory remedy are simply to the effect that the failure to preserve lien rights does not produce a right to recover from the owner under unjust enrichment theory. In *Superior Plumbing, supra* at 439, the court expressly declined to rule that the subcontractors' lien statutes are the only remedy available to subcontractors.

This court has recognized the availability to contractors of the remedy of unjust enrichment in *Kelley Lumber Co. v. Woelfel,* 1 Wis.2d 390, 83 N.W.2d 872 (1957) and *Nelson v. Preston,* 262 Wis. 547, 550, 55 N.W.2d 918 (1952). In both of those cases the plaintiff stood in the position of a contractor, not a subcontractor, and the defendant had a joint or common ownership interest in the property improved because of service and materials furnished by the contractor. The other joint or common owner had entered into an agreement with the contractor but had not paid for the services and materials furnished. In neither case had the defendant made payment to the other joint or common owner for the benefit conferred.

Nothing alleged in the pleadings searched by the demurrer in the instant case infers that D & R made payments to S & M, its lessee, to cover work performed by the contractor Baer. Indeed, Baer has alleged that, although its contract was with S & M, all payments that were made to Baer were made by checks drawn on D & R's corporate account. In the absence of anything to indicate D & R has paid for the benefits allegedly conferred by Baer, it does not appear that it would be inequitable to find D & R liable to Baer upon unjust enrichment theory. It does not appear in this case, as it did in *Superior Plumbing* and the others, that the third element of unjust enrichment is nonexistent because D & R paid another for the benefits conferred. Rather than falling in the category of the subcontractor cases following the *Superior Plumbing* rationale, this case is more like the cases of *Kelley Lumber Co. v. Woelfel, supra,* and *Nelson v. Preston, supra,* involving contractor seeking restitution from a defendant which enjoys concurrent property rights with the party which contracts for the contractor's services and materials. Thus, the *Superior Plumbing* rationale and the fact that Baer has lost its lien rights do not render the second amended third-party complaint defective.

D & R also contends that it may be determined upon the face of Baer's second amended third-party complaint that Baer has "unclean hands" and therefore may not seek equitable relief. This court has recognized the equitable doctrine that a plaintiff who seeks affirmative equitable relief must have "clean hands" before the court will entertain his plea (*Martinson v. Brooks Equipment Leasing, Inc.,* 36 Wis.2d 209, 223, 152 N.W.2d 849 (1967)) but substantial misconduct constituting fraud, injustice or unfairness does not conclusively appear on the face of Baer's pleadings.

D & R claims Baer's "unclean hands" derive from the admissions by Baer in the pleadings that it had (1) violated the construction contract by failing to pay for labor and materials and failing to obtain any written change order, and (2) violated the Wisconsin Construction Lien Law by failing to use trust fund money to pay for labor and materials and by misappropriating trust fund money to its shareholders. Baer's answer is incorporated by reference in the second amended third-party complaint. In that answer Baer admits that there exist some outstanding claims upon it for labor and materials, that it has no written change orders for increases under the contract, and also that some trust funds were paid to two of its shareholders. Nowhere, however, has Baer admitted the ultimate facts which support the legal conclusion that it has violated the contract or the lien law. Baer is claiming for money upon oral change orders at the instance of S & M, and thus it is consistent with the claim that money is still due, that there may be outstanding claims upon Baer for labor and materials. This does not necessarily constitute a violation of the contract. A failure to secure a written change order, while it may prevent recovery for increases under the contract, is not the kind of injustice or bad faith which constitutes "unclean hands." Baer alleges that the trust fund monies paid to the two shareholders were properly paid as wages, and, therefore, this is not an admission of a violation of the lien laws.

Before a court may deny a plaintiff relief in equity upon the "clean hands" doctrine, it must clearly appear that the things from which the plaintiff seeks relief are the fruit of its own wrongful or unlawful course of conduct. *David Adler & Sons Co. v. Maglio*, 200 Wis. 153, 160–61, 228 N.W. 123 (1929). Baer has not admitted facts which conclusively constitute wrongful or unlawful

conduct creating the thing from which it seeks relief, that thing being a failure to receive payment for alleged services and materials conferred at the special instance of D & R.

*Summary Judgment on Counterclaim*

Because Baer's liens have been vacated by order of the trial court, the only action raised by the counterclaim is one for money judgment. The counterclaim alleges that Baer and S & M were parties to a construction agreement pursuant to which Baer "performed work contracted for plus additional work ordered and authorized by plaintiff's [S & M's] officers and agents." Thus, Baer seeks a money judgment for services rendered pursuant to a contract.

S & M's motion for summary judgment was based upon the provision of the contract which required Baer to make claim for additional costs by written change order. Baer has admitted in its answer to S & M's complaint that it had no written change orders for the claimed increases above the contract price. In the absence of such written change orders, S & M argues, Baer can have no claim for increases under the contract.

The affidavits filed by Baer in opposition to S & M's motion for summary judgment showed that during the construction, officers and employees of S & M orally ordered numerous "extras" over the contract. The trial court denied the motion ruling that an issue of fact remained as to whether there had been a waiver, modification or abrogation of the contractual provision that all change orders be in writing.

S & M's contention that there can be no alteration of the written change order provision is not supported by the various authorities on the subject. It is universally accepted that, unless a contract is one required by law to be in writing, the contract can be modified orally

although it provides that it can be modified only in writing. 4 *Williston on Contracts* §591 (3d ed. Jaeger 1961) ; 6 *Corbin on Contracts* §1295 (1962).

In a number of cases, this court has recognized that a provision in construction contracts requiring written change orders may be avoided where the parties evidence by their words or conduct an intent to waive or modify such a provision. *Wiggins Construction Co. v. Joint School District,* 35 Wis.2d 632, 638, 151 N.W.2d 642 (1967) ; *Sterling Engineering & Construction Co. v. Berg,* 161 Wis. 280, 286–87, 152 N.W. 851 (1915) ; *McGrath Construction Co. v. Waupaca-Green Bay Railway Co.,* 148 Wis. 372, 378, 134 N.W. 824 (1912).

Since the law permits oral alteration of the terms of written agreements, S & M's contention in relation to such alteration does not present an issue of law that can be determined so as to conclude this case. Therefore the trial judge properly denied summary judgment upon the ground that Baer has no right to payment in the absence of written change orders.

One question remains to be determined before the court's order denying summary judgment may be affirmed. In none of its pleadings has Baer alleged that the provision of the contract requiring written change orders was waived or modified or altered under any other legal theory.

In *Price v. Ross,* 45 Wis.2d 301, 311, 172 N.W.2d 633 (1969), the court sustained a demurrer to a complaint founded upon breach of contract because the plaintiff had failed to allege the performance of a certain condition precedent to the effectiveness of the contract. The plaintiff argued that the defendant had waived his right to rely on the failure of the condition precedent to the contract. While the defendant may have so waived the

condition precedent, the court held, that fact must be pleaded by the plaintiff. The rule of the case, therefore, is where a claimant under a contract must plead the satisfaction of a condition precedent, if such satisfaction is not pleaded, then the claimant must plead an excuse and, if waiver is the excuse, it must be pleaded. If neither satisfaction of the condition precedent nor an excuse is pleaded, the claim will be defective.

The statement in *Price v. Ross, supra,* that waiver must be pleaded is confined to the facts and circumstances of that case, for in cases before and after *Price v. Ross* the court has held that waiver did not have to be specially pleaded. *D'Angelo v. Cornell Paperboard Products Co.,* 33 Wis.2d 218, 228, 147 N.W.2d 321 (1967) ; *Knapke v. Grain Dealers Mutual Insurance Co.,* 54 Wis.2d 525, 531, 196 N.W.2d 737 (1972).

Both *D'Angelo, supra,* and *Knapke, supra,* were actions commenced against an insurer for coverage under an insurance contract. In *D'Angelo* the insurer answered and raised a defense based upon the "no action" clause in the contract. In *Knapke* the insurer answered claiming no coverage due to certain exclusions in the contract. Claimant in each case met the insurer's defense based on contractual provisions by contending that the insurer had waived the provisions relied upon. The court's conclusion in these cases that waiver need not be pleaded was based primarily upon the fact that the defense of waiver was raised in opposition to a defense on contractual provisions raised by way of answer. Under sec. 263.20, Stats. (1973), no reply was permitted to an answer unless the answer raises a counterclaim. Sec. 263.26, Stats. (1973), also provided that the allegation of new matter in an answer not pleaded as part of a counterclaim is "deemed controverted." These rules of pleading also prevail today under the revision of the rules of civil procedure. Secs. 802.01(1) and 802.02(4),

Stats. Further, in both *D'Angelo* and *Knapke,* the court concluded the failure to plead waiver did not defeat the purpose of pleadings, because the parties were well notified of each other's claims before trial.

The distinction between *Price v. Ross, supra,* and *D'Angelo* and *Knapke* is that in *Price v. Ross,* because there was no assertion of the satisfaction of conditions precedent to the contract, the plaintiff's complaint was defective in the absence of the assertion of waiver of those conditions precedent. In *D'Angelo* and *Knapke* the claimant's pleading adequately stated a cause of action without the assertion of waiver. Waiver only arose in opposition to the defense upon contractual terms raised in the answer. Thus, while under some circumstances, such as those in *Price v. Ross,* waiver of a contractual term must be pleaded, waiver need not be pleaded in every situation.

In this case, the provisions of the contract indicate that in order to make claim for extras on the contract, the contractor would have to show it obtained written change orders. Thus, a written change order would be a condition precedent to a claim for increases above the set price of the contract. Baer's counterclaim should allege the performance of the condition precedent or, in the alternative, some excuse for its nonperformance. Modification of a contract is a matter which also must be pleaded by the party who claims it was made. 61 Am. Jur.2d *Pleading* §90, at 525 (1972) ; *Thomsen v. Olson,* 219 Wis. 145, 152, 262 N.W. 601 (1935).

Although the counterclaim here is defective for failure to plead an excuse for not satisfying the condition precedent, we think that since the issues are clear, and the matter is still prior to trial, the failure of Baer to meet this pleading requirement does not warrant the granting of summary judgment. S & M never objected to the counterclaim for failure to plead satisfaction of the condition precedent. There is no lack of notice as to the

respective claims of the parties. Baer has alleged facts which indicate there is a real controvery and which take its claim out of the category of being a sham and unmeritorious suit. Having done so, Baer is entitled to a trial. *Smith Realty Co., Inc. v. Zimmerman,* 75 Wis.2d 11, 14, 248 N.W.2d 472 (1977).

We conclude the trial judge did not abuse his discretion by denying the motion for summary judgment for the reason that an issue of fact exists as to whether S & M waived, modified or abrogated the provision of the contract requiring written change orders. However, on remand the circuit court is directed to order Baer to plead the excuse it relies upon.

*By the Court.*—Orders affirmed; cause remanded with direction.